Bernard F. McCaffrey, J.
This motion, at trial, to dismiss the third-party complaint raises the question of the degree of proof necessary for the third-party plaintiff to establish an alleged defect in a product in order to have the matter presented to the jury under the strict products liability test of Codling (Codling v. Paglia, 32 N Y 2d 330), as amplified by Velez v. Craine & Clark Lbr. Corp. (33 N Y 2d 117).
Though the Statute of Limitations is not at issue herein, the court notes it has reviewed the recent decision of Rivera v. Berkeley Super Wash. (44 A D 2d 316) In this decision by a 3 to 2 decision the . court; in addition to holding that in strict products liability cases the three-year Statute of Limitations to recover damages for personal injuries and damages, with accrual of the action at the time of the injury applies, rather than the period for actions based on contract with accrual of the action from the time of the sale (Uniform Commercial Code, § 2-725 prescribes a four-year period), the majority in Rivera (supra) stated that the Court .of Appeals in deciding Codling (supra, p. 325) has seen fit to establish a new cause of action for strict products liability, independent of warranty.”
*819 THE FACTS
The third-party plaintiff, Leo Capobianco, doing business as Big Valley Nursery & Landscaping, operates under the name of Big Valley Nursery '& Landscaping and he is in the business of landscaping; that during the month of April, 1972 he had oral agreements with the plaintiffs to do gardening work consisting of spraying the trees and shrubs and maintaining their lawns and grounds; that the plaintiffs did not designate the products or sprays to ¡be used, but that this was left to his discretion; that he went to the plaintiffs ’ respective premises on May 30, 1972 in order to spray the trees and shrubs; that he had three 25-pound bags of Halco Multi-Spra with him; two bags were -on his truck and the third was mixed in a tank of water which he had on the truck; that the tank has a capacity of not less than 200 gallons and that it may hold 250 gallons; that about 8:30 a.m. he started spraying at the Hoffmans; that he used the same tankful for the Finnerman’s; that he then refilled the tank with water and put the second bag of Halco Multi-Spra in the tank and agitated it; that he'does not recall if the tank was completely .full or if he added less than the full 25-pound bag; that he then started spraying at the residence of the plaintiffs; that when he finished spraying at the Portnoys and Savitskys he then went over to the Wachtels; that after he had sprayed for a while at the Wachtels he ran out of the tankful and he refilled the tank with water and added the third bag; that he then completed the spraying at the Wachtels; that on the following day he received a call from Mr. Portnoy who wanted to know what had been done to the shrubs; that following the call, Mr. Capobianco went over to the Portnoy’s premises and noticed that the leaves of the shrubs were shriveled and he made the same observation as to the Savitskys and the Wachtels; that the leaves on the trees were also shriveled; that there was' no damage to the shrubs or trees of three of the neighbors of the plaintiffs whose property had been sprayed with the first tankful on that same day; that 6 to 8 weeks before May 30, 1972 Mr. -Capobianco had sprayed all the plaintiffs ’ property with a substance known as dormant oil.
The action -was discontinued by the third-party plaintiff at the end of its case as against the third-party defendant, Halco Division of Wagner Seed Company, Inc.
Thereafter, at the close of the trial, the third-party defendant, Sea Coast Laboratories, in addition to moving to dismiss, renewed its eariler motions to dismiss the third-party complaint on the basis of the failure of the third-party plaintiff to estab *820 lish a prima facie case. The court reserved decision on the prior motions. At this time the court grants the motions of the third-party defendant to dismiss the complaint. The third-party plaintiff, Capobianco, has failed to establish a prima facie case, also there has been a complete absence of any evidence whatever showing a defect in the product manufactured by the Sea Coast Laboratories. There was not adduced any evidence by direct testimony or exhibits, or for that matter was there even any circumstantial evidence from which a party or the jury could properly conclude the existence of a defect in the product.
The third-party plaintiff, both in oral argument before the court and in its pretrial memorandum, has urged as the underlying basis for its cause of action the law as promulgated by the Court of Appeals in the case of Codling v. Paglia (32 N Y 2d 330, 335, supra) where the court stated: “ We hold that today the manufacturer of a defective product may be held liable to an innocent bystander, without proof of negligence, for damages sustained in consequence of the defect.”
The court then established what has now become known as the 'Codling test, as follows (p. 342): “ Under a doctrine of strict products liability, the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages; provided: (1) that at the time of the occurrence the product is being used (whether by the person injured or damaged or by a third person) for the purpose and in the manner normally intended, (2) that if the person injured or damaged is himself the user of the product he would not by the exercise of reasonable care have both discovered the .defect and perceived its danger, ■ and (3) that by the exercise of reasonable care the person injured or damaged would not otherwise have averted his injury or damages. ’ ’
The court further approved the language of the trial court in charging as follows (pp. 337-338): “ ‘ While the burden is upon the plaintiff to prove that the product was defective and that the defect existed while the product was in the manufacturer’s possession, plaintiff is not required to prove the specific defect, especially .where the product is complicated in nature. Proof of necessary facts may be circumstantial. Though the happening of the accident is not proof of a defective condition, a defect may be inferred from proof that the product did not perform as intended by the manufacturer.’ ‘ * * * that for the defendant Chrysler Corporation to be held liable, the defect need not be apparent at the time the product *821 left the factory, but may be merely a latent defect or hidden defect which later arises and causes damage. ’ ’ ’
The third-party plaintiff has failed to sustain his burden of proof to fall within the law as established by this ease, for the basic tenet of the Codling v. Paglia decision necessitates proof of the existence of a defect which could be proven by circumstantial evidence. However, the third-party plaintiff has not offered any evidence, circumstantial or otherwise, upon which a conclusion could be reached relative to the existence of a defect.
Furthermore, the third-party plaintiff has failed to bring his case within the necessary elements of the Codling test, which requires that the third-party plaintiff in this instance establish that at the time of the injury or damages the allegedly defective product was being used properly for its intended purposes, and that he was free from contributory negligence.
The court has carefully considered all of the evidence for the purposes of determining if there were any basis for submitting this matter to the jury, but concludes there is no such basis. Furthermore, the court notes that even with the most comprehensive and explicit charge, and no matter where the sympathies of the court or jury may lie, that justice requires that the court dismiss the third-party complaint as a matter of law at this time, rather than attempt to pass upon any motions that might be made after a verdict in this matter.
For though there has been a dramatic evolution of a maufacturer’s responsibility since MacPherson v. Buick Motor Co. (217 N. Y. 382), we are not yet at a point, even in strict products liability cases, where the manufacturer of a product is an unqualified insurer of his product regardless of any showing of a defect.